07-5602-pr
Pruitt v. Lewy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:
>WILFRED FEINBERG,
>ROBERT A. KATZMANN,
>PETER W. HALL,
>>*Circuit Judges.*

_____

Phelicia Pruitt,

>Plaintiff-Appellant,

>v.                                              07-5602-pr

Dr. Lewy, Staff Physician Bedford
Hills Correctional Facility,
individually and in her official
capacity,

>Defendant-Appellee.

_____

FOR PLAINTIFF-APPELLANT:      Phelicia Pruitt, *pro se*, Bedford
                              Hills, N.Y.

FOR DEFENDANT-APPELLEE:       David Lawrence III, Assistant
                              Solicitor General; Andrew M. Cuomo,
                              Attorney General of the State of
                              New York; New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Phelicia Pruitt, proceeding *pro se*, appeals the district court's grant of summary judgment on her 42 U.S.C. § 1983 claims in favor of Appellee. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing *de novo* the district court's decision to grant summary judgment, we consider whether the district court correctly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

This Court has adopted the rule that failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the

2

decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *see also Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *Thomas v. Arn*, 474 U.S. 140, 155 (1985) (holding that a Court of Appeals may adopt such a rule).  While this rule, which applies to *pro se* litigants, is "a nonjurisdictional waiver provision whose violation we may excuse in the interests of justice," *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), we find no basis for doing so here, where none of Appellant's arguments on appeal have substantial merit, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) ("Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party.").

Furthermore, an independent review of the record and relevant case law reveals that the district court properly adopted the magistrate judge's recommendation to grant Appellee's motion for summary judgment.  We affirm for substantially the same reasons stated by the magistrate judge in her thorough September 25, 2007 report and recommendation.  We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3